IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NICHOLAS FRANKLIN WORCESTER, ) <br> ) <br> Petitioner, ) <br> vs. ) <br> ) <br> WALTER N. DINWIDDIE, Warden, ) <br> ) <br> Respondent. ) | Case Number CIV-05-258-C |

**MEMORANDUM OPINION AND ORDER**

This action for habeas corpus relief brought by a prisoner, proceeding pro se, was referred to United States Magistrate Judge Gary M. Purcell, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Purcell entered a Report and Recommendation on March 25, 2005, to which Petitioner has timely objected. The Court therefore, considers the matter *de novo*.

The present action is Petitioner's second request for habeas relief. On March 18, 2004, Petitioner filed a Petition pursuant to 28 U.S.C. § 2241 claiming that the application of certain amendments to Oklahoma's credit system violated the ex post facto clause. That case was assigned to Magistrate Judge Doyle Argo. Judge Argo determined that Petitioner's claim was time barred by 28 U.S.C. § 2244(d) and recommended dismissal of the claim. Petitioner did not object to that recommendation. Rather, he filed a Notice of Dismissal stating he had not exhausted available state court remedies.

On March 7, 2005, Petitioner filed the present request for habeas relief. As noted above, the matter was referred to Magistrate Judge Gary Purcell who recommends dismissal of the Petition as time-barred. Petitioner objects, arguing his claims continue to accrue and are therefore not time-barred. Petitioner cites a number of cases, arguing the law as applied to him requires the conclusion that Oklahoma's credit system violates the ex post facto clause. However, in each of the cited cases, the time for filing a request for habeas relief had not yet expired. Simply put, the law on which Petitioner bases his claims was well established on April 24, 1996; therefore, his claim for relief accrued at that time and his failure to file the present claim before April 23, 1997, mandates that his claims are time-barred. 28 U.S.C. § 2244(d). Accordingly, the reasoning of Magistrate Judges Argo and Purcell is correct and Petitioner's claim will be dismissed.

As set forth more fully herein, the Court ADOPTS the Report and Recommendation of Magistrate Judge Gary Purcell (Dkt. No. 9) and DISMISSES Petitioner's case as time-barred.

IT IS SO ORDERED this 29th day of April, 2005.

_____
ROBIN J. CAUTHRON
United States District Judge